UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

In the Matter of,

CHRISTOPHER KEITH COLLOTTA,           **REPORT & RECOMMENDATION**

           Respondent.                                         09-MC-417 (AMD)

--------------------------------------------------------------- X

**LARA K. ESHKENAZI**, United States Magistrate Judge:

      This matter comes before the Committee on Grievances of the Board of Judges of the United States District Court for the Eastern District of New York (the "Committee") to consider the petition for reinstatement to the bar of this Court filed by respondent Christopher Collotta ("Respondent"). The matter was referred to the undersigned magistrate judge to conduct an evidentiary hearing and issue a Report and Recommendation. For the reasons outlined below, the Court respectfully recommends granting Respondent's motion and reinstating Respondent to the roll of the members of the bar of this Court pursuant to EDNY Local Rule 1.5(e).

**I.     BACKGROUND**

      Respondent was first admitted to practice in the EDNY on June 8, 2004. (EDNY Grievance Committee Order dated 4/2/2025 ("Committee Order"), ECF No. 14 at 1; Tr. of Evidentiary Hearing ("Tr."), ECF No. 17 at 19:19-24.) After Respondent was convicted of securities fraud and conspiracy to commit securities fraud, he was disbarred by the Appellate Division, Second Department on October 4, 2007. *See In re Collotta*, 54 A.D.3d 98 (2d Dep't 2008). The District Court for the Southern District of New York struck Respondent from the roll of attorneys of that court on July 22, 2009 (SDNY Committee on Grievances Order, ECF No. 3), and this District similarly struck Respondent from the roll of attorneys of the Court, (EDNY Grievance Committee

Order dated 8/6/2009, ECF No. 2). Respondent was reinstated to the New York State bar on September 28, 2016. *See In re Collotta*, 142 A.D.3d 1168 (2d Dep't 2016). On January 12, 2017, he filed a petition for admission to this Court (ECF No. 12-6), which was granted on February 15, 2017 (Certificate of Admission, ECF No. 12-7).

On April 5, 2024, the Court notified Respondent that he needed to file a motion for reinstatement given that he had filed a petition for a new admission in 2017 pursuant to EDNY Local Rule 1.3 rather than reinstatement, pursuant to EDNY Local Rule 1.5(e). (*See* Committee Order at 1.) Respondent filed a motion for reinstatement on April 19, 2024. (ECF No. 6.) The Court issued an Order to Show Cause on October 7, 2024, directing Respondent to show cause as to why his admission to the EDNY should not be revoked because he "filed a sworn and notarized 'Petition for Admission' [in 2017] in which he represented that he 'has never been censured, suspended or disbarred by a court.'" (Order to Show Cause, ECF No. 8 (quoting Petition for Admission, ECF No. 12-6).) Respondent filed a response to the Order to Show Cause on November 12, 2024. (Response to OTSC, ECF No. 10.) The Court then directed him to apply for reinstatement (Text Order dated 12/16/2024), and Respondent applied for readmission on March 27, 2025, (Application for Readmission, ECF No. 12).

The Committee "determined that there are open factual questions about the circumstances concerning the filing of the petition for admission on January 12, 2017," and referred the matter to the undersigned magistrate judge to hold an evidentiary hearing and issue a Report and Recommendation to the Committee on Respondent's motion for readmission. (Committee Order at 2). The Committee established that the purpose of the hearing was "to determine whether the respondent filed the sworn and notarized petition for admission in which he represented that he 'has never been censured, suspended or disbarred by a court' with knowledge of its falsity." (*Id.*)

2

The Committee appointed John P. McEntee, Esq. as counsel for the Committee for the evidentiary hearing. (*Id.*)

The Court held an evidentiary hearing on May 5, 2025. (Minute Entry dated 5/6/2025.) Respondent was the sole witness at the hearing, and the Court admitted into evidence 3 exhibits: (1) Respondent's 2017 petition for admission to the EDNY bar (ECF No. 12-6), (2) Respondent's declaration accompanying his response to the Committee's Order to Show Cause (ECF No. 10-4), and (3) the EDNY Local Rules that were in effect as of December 19, 2016.

## II.     FINDINGS OF FACT

The Court makes the following findings of fact based on the testimony and evidence presented at the evidentiary hearing, as well as Respondent's submissions before and after the hearing.

Respondent graduated from St. John's University School of Law in 2000 (Decl. of Chrisopher Collotta dated 1/31/2025 ("Collotta Decl. II"), ECF No. 12-12 at ¶ 2(e)), and was admitted to practice in New York State on June 2, 2004. *In re Collotta*, 54 A.D.3d 98 (2d Dep't 2008). Respondent was first admitted to practice in the EDNY on June 8, 2004. (Committee Order at 1; Tr. 19:19-24.) Respondent pleaded guilty to the federal felonies of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and conspiracy to commit securities fraud, in violation of 15 U.S.C. § 371. *U.S. v. Collotta*, No. 1:07-CR-143 (VM), Minute Entry dated 5/10/2007 and Judgment in a Criminal Case (S.D.N.Y. Oct. 16, 2007); (Collotta Decl. II at ¶ 3.) Respondent was disbarred by the Appellate Division, Second Department on October 4, 2007. *See In re Collotta*, 54 A.D.3d 98 (2d Dep't 2008). The District Court for the Southern District of New York struck Respondent from the roll of attorneys of that court on July 22, 2009 (SDNY Committee on

3

Grievances Order, ECF No. 3), and this District similarly struck Respondent from the roll of attorneys of the Court, (EDNY Grievance Committee Order dated 8/6/2009, ECF No. 2).

With the assistance of counsel, Respondent applied and was reinstated to the New York State bar on September 28, 2016. *See In re Collotta*, 142 A.D.3d 1168 (2d Dep't 2016); (*see also* Decl. of Harvey Besunder dated 1/31/2025 ("Besunder Decl. II"), ECF No. 12 at ¶¶ 8-13 (describing process of reinstatement).) In or around December 2016 or January 2017, Respondent obtained a Certificate of Good Standing from the New York State bar and personally went to the Clerk's Office in the Central Islip Courthouse of the EDNY to get information about applying for readmission to the EDNY. (Decl. of Christopher Collotta dated 11/12/2024 ("Collotta Decl. I"), ECF No. 10-4 at ¶ 8; *see also* Tr. at 11:1-12; Collotta Decl. II at ¶ 13.) Respondent told the staff in the Clerk's Office that he had previously been disbarred and wanted to apply for admission. (Collotta Decl. I at ¶ 8; Tr. at 11:14-16; Collotta Decl. II at ¶ 13.) The staff gave him the admission form for attorneys applying for new admissions pursuant to EDNY Local Rule 1.3, which Respondent completed and filed on January 12, 2017. (Petition for Admission, ECF No. 12-6; *see also* Collotta Decl. I at ¶ 8; Besunder Decl. II at ¶ 14; Tr. 11:8-16; Collotta Decl. II at ¶ 13.) In his petition, Respondent affirmed that he "has never been held in contempt of court and has never been censured, suspended or disbarred by a court," and that he "has read and is familiar with…The Local Rules of the United States District Court for the Eastern District of [N]ew York…" (Petition for Admission.) That affirmation was false. (Collotta Decl. I ¶¶ 14-15; Besunder Decl. II ¶ 16; Collotta Decl. II at ¶ 13; Tr. at 49:2-50:13; Committee Order at 2.)

When Respondent sought to be readmitted to the EDNY bar, he did not read the EDNY Local Rules applicable to reinstatement or consult with counsel. (Tr. at 35:3-8, 38:14-17; *see also* Besunder Decl. II at ¶¶ 14, 16.) At the time Respondent submitted his petition for readmission, he

4

believed he was affirming that he had not been censured, suspended or disbarred since his period of reinstatement to the New York State bar. (Tr. at 11:20-12:11; Collotta Decl. I ¶ 11; Collotta Decl. II at ¶ 17.)

On January 23, 2017, the Court issued a notice directing Respondent to appear on February 15, 2017, at the Central Islip Courthouse of the EDNY with his sponsor to "formally move for admission before a United States District Judge." (Notice to Attorneys Being Admitted to Practice, ECF No. 12-7 at 2.) Respondent appeared before Magistrate Judge Lindsay on February 15, 2017, to be admitted. (Collotta Decl. II ¶ 14.) At that time of his appearance, Respondent believed that Judge Lindsay was aware of his disbarment and knew Respondent was applying for reinstatement, despite the fact that Respondent did not specifically inform Judge Lindsay of his prior disbarment. (*See* Tr. at 12:12-14:8.) Respondent was granted admission to the EDNY on February 15, 2017. (Certificate of Admission, ECF No. 12-7 at 3.) Because Respondent filed a petition for admission pursuant to EDNY Local Rule 1.3, rather than applying for reinstatement pursuant to EDNY Local Rule 1.5(e), Respondent's petition was not automatically referred to the Committee, and the Committee did not have the opportunity to review the petition at that time. (*See* Tr. at 44:1-11; OTSC, ECF No. 8 at 2.)

On approximately April 5, 2024, Respondent received several calls from the Clerk's Office in the EDNY informing him that he filed the wrong petition for admission in 2017. (Collotta Decl. II at ¶ 15; *see also* Tr. at 15:3-25.) In response, Respondent filed a letter on April 9, 2024, explaining that he had been disbarred in 2007 and had applied for a new admission in 2017. (Collotta Letter, ECF No. 5.) On April 19, 2024, Respondent filed a letter motion for readmission. (ECF No. 6.) On October 7, 2024, the Committee ordered Respondent "to show cause by November 12, 2024, why his admission to practice in this Court should not be revoked" because

5

Respondent made a false statement in his 2017 petition for admission when he affirmed that he had never been disbarred. (OTSC, ECF No. 8 at 2.) With the assistance of counsel, Respondent filed a Response to the OTSC explaining the history of Respondent's disbarment, reinstatement in New York, and misunderstanding in his application for readmission. (Besunder Decl. dated 11/12/2024 ("Besunder Decl. I"), ECF No. 10.) His response also provided a declaration from Respondent (Collatta Decl. I) and exhibits, such as the order from the Second Appellate Department disbarring Respondent (ECF No. 10-1) and the order reinstating him to the New York State bar, (ECF No. 10-2). The Committee directed Respondent to apply for reinstatement pursuant to EDNY Local Rule 1.5(e) so that the Committee could consider his application. (Scheduling Order dated 12/16/2024.) On March 27, 2025, Respondent filed a motion for reinstatement (ECF No. 12), including a declaration from Respondent (Collotta Decl. II) and accompanying exhibits.

### III. DISCUSSION

EDNY Local Rule 1.5(e) states:

> Any attorney who has been suspended or precluded from appearing in this court or whose name has been struck from the roll of the members of the bar of this court may apply in writing to the chief judge, for good cause shown, for the lifting of the suspension or preclusion or for reinstatement to the rolls. The chief judge must refer this application to the Committee on Grievances. The Committee on Grievances may refer the application to a magistrate judge or hearing panel of attorneys (who may be the same magistrate judge or panel of attorneys who previously heard the matter) for findings and recommendations, or may act upon the application without making such a referral. Absent extraordinary circumstances, no such application will be granted unless the attorney seeking reinstatement meets the requirements for admission set forth in Local Civil Rule 1.3(a).

Respondent filed a motion for reinstatement (ECF Nos. 6, 12), and the Committee referred the matter to the undersigned magistrate judge to conduct an evidentiary hearing solely on the issue of whether Respondent, when he applied for admission in 2017, represented in his application that

he had never been disbarred with knowledge of the falsity of his statement. (Committee Order at 2.) There is no dispute that the statement was false when it was made. The Court held a hearing to determine Respondent's credibility as to whether he intended to deceive the Court when he submitted his application in 2017, or whether he made an honest mistake.

The primary purpose of the evidentiary hearing was to determine the credibility of Respondent's testimony regarding the circumstances of his application for readmission to this Court. It is well established that in assessing the credibility of a witness, the Court may evaluate "the demeanor of the…witness[] on the stand; their interest in the outcome of the case, the inherent probability and consistency of their testimony; and its corroboration or lack of corroboration with other credible evidence such as the documentary exhibits." *Westchester Fire Ins. Co. v. Tantalo*, 273 F. Supp. 7, 16 (D. Conn. 1967); *see also Velasquez v. United States Postal Serv.*, 155 F. Supp. 3d 218, 230 (E.D.N.Y. 2016) ("The trier's evaluation of the credibility, for example, of a witness who at times hobbles with a cane but at other times readily assists his attorney moving exhibits around the courtroom will be noted and given weight.") Guided by these indicia of credibility, the Court finds Respondent's testimony credible that he did not intend to knowingly misrepresent his prior disbarment to the Court.

As an initial matter, the Court notes that Respondent's criminal conviction leading to his disbarment was highly publicized at the time of his conviction. *See, e.g.* Michael J. de la Merced, *Guilty Pleas and Charges Filed in 2 Couples' Insider Cases*, N.Y. TIMES (May 11, 2007), https://www.nytimes.com/2007/05/11/business/11insider.html; Roddy Boyd, *Couple Admits Guilt*, N.Y. Post (May 8, 2007), https://nypost.com/2007/05/08/couple-admits-guilt/. The Court further recognizes that Respondent engaged in a process to be readmitted to the New York bar during which he testified at a hearing and fully acknowledged his prior crime. (Besunder Decl. II

7

¶¶ 8-13; Collotta Decl. II ¶¶ 5, 7-9.) Thus, by the time Respondent applied for readmission to this Court, he had already established a track record of accepting full responsibility for his crime and exhibiting considerable remorse for his conduct. (Collotta Decl. II ¶¶ 17-23; Besunder Decl. II ¶¶ 14-18). Respondent's testimony before this Court was entirely consistent with his prior acceptance of responsibility and remorse for his crime. (Tr. at 17:19-19:1, 51:1-20.)

During the hearing, Respondent was pressed on several issues that raised valid concerns about Respondent's application for readmission. Specifically, Counsel for the Committee cross examined Respondent on the following topics: (1) why he did not review the EDNY Local Rules before submitting his application for admission in 2017 (*id.* at 38:14-24); (2) who he spoke to at the Clerk's Office and what evidence he has of that conversation (*id.* at 38:25-39:8); (3) why he believed his disbarment was public record and would automatically be recognized by court staff despite his failure to properly notate his disbarment on his admission application (*id.* at 45:11-47:25); and (4) if he intentionally made a false statement in his application. (*Id.* at 59:4-6.)

Starting with the first issue, there can be no dispute that Respondent's failure to review the EDNY Local Rules prior to submitting his application for readmission raises concerns about Respondent's diligence as an attorney desiring to practice in this Court. That said, this Court does not generally strip attorneys of their admission to practice in this Court based on their failure to carefully read and adhere to the Court's Local Rules. *See, e.g. Iannuzzi v. Am. Mortg. Network, Inc.*, 727 F. Supp. 2d 125, 130 n.2 (E.D.N.Y. 2010) (crediting plaintiffs' factual position outlined in their opposition papers to a motion for summary judgment, despite plaintiffs' failure to comply with EDNY Local Rule 56.1 requiring plaintiffs to file a Local Rule 56.1 Statement of Facts); *Perez v. Mesa Azteca Corp.*, No. 23-CV-9374 (HG) (TAM), 2024 WL 5274641, at *3 n.4 (E.D.N.Y. Dec. 5, 2024), *report and recommendation adopted*, No. 23-CV-9374 (HG) (TAM),

8

2024 U.S. Dist. LEXIS 234442, at *1 (E.D.N.Y. Dec. 30, 2024) (excusing noncompliance with EDNY Local Rule 7.1(a)(2) and granting motion for default judgment where plaintiff failed to submit a memorandum of law); *Samuel v. Aron*, No. 19-CV-5229 (MKB) (TAM), 2022 WL 4636341, at *2 (E.D.N.Y. June 6, 2022) (The Court previously denied defense counsel's motion to withdraw without prejudice and ordered counsel to refile "a motion that conformed with E.D.N.Y. Local Rule 1.4."). Indeed, judges routinely issue orders educating attorneys on the Local Rules and admonishing attorneys for failure to comply with them. The usual consequence for failing to comply with a Local Rule is the denial of a motion. *See, e.g. Windward Bora, LLC v. Weiss*, 717 F. Supp. 3d 247, 252-53 (E.D.N.Y. 2024) (denying motion for default judgment "for failure to comply with the requirements of Local Civil Rules 55.2(b) and 55.2(c)."); *Du v. Segelman*, No. 23-CV-6780 (DG) (ST), 2025 WL 1707176, at *10 (E.D.N.Y. Mar. 28, 2025), *report and recommendation adopted*, No. 23-CV-6780 (DG) (ST), 2025 U.S. Dist. LEXIS 75780, at *1 (E.D.N.Y. Apr. 21, 2025) (denying motion for default judgment for failure to comply with EDNY Local Civil Rules 55.2(b)(2) and 55.2(b)(3)).

It is also not uncommon for attorneys in this Court to be familiar with the Local Rules relevant to their specific practice before the Court and to have less familiarity with the Local Rules outside of that practice, as appears to be the case with Respondent. (Tr. at 40:5-18.) While all attorneys practicing before this Court should of course adhere to the Local Rules and regularly consult with them when in doubt, barring admission to this Court based on the failure to do so in a particular instance would be inconsistent with the general approach this Court has taken with respect to violations of the Local Rules.

The next question is whether Respondent's recollection of his conversation with the Clerk's Office is credible in light of Respondent's failure to document it. While documenting that

9

conversation certainly would have been prudent, the Court credits Respondent's testimony that the conversation happened, and that he relied on that conversation when filing his application. Again, while Respondent should have confirmed the accuracy of the information he received by consulting the Local Rules, it is not uncommon for attorneys to rely on information provided by the Clerk's Office when filing documents. To bar Respondent from practicing in this Court based on that reliance would be holding him to a different standard than the Court holds other attorneys.

The last two issues—Respondent's assumption that the Clerk's Office and the Magistrate Judge who presided over his admissions ceremony were aware of his prior conviction, and his false statement on his application about his prior disbarment—raise the biggest concerns for the Court. If Respondent intentionally made a false representation to the Court, then denying him of admission to practice before this Court would be entirely appropriate. *See In re Demetriades*, 58 F.4th 37, 51-52 (2d Cir. 2023) (affirming the orders of the EDNY Committee on Grievances that suspended respondent from practicing in the EDNY for six months due, in part, to respondent's false representations to the Court); *Matter of Gilly*, 206 F. Supp. 3d 940, 943-44 (S.D.N.Y. 2016) (suspending respondent from practicing in the District Court for the Southern District of New York for, *inter alia*, making false statements to the Court).

Accordingly, in evaluating Respondent's credibility on these two points, which the Court views as related, the Court carefully considered Respondent's demeanor during his testimony, and the consistency of his statements during his testimony on direct and cross examination, as well as his statements in his declarations. As an initial matter, the Court notes that the question on the application form about prior disbarment does not seem ambiguous, and it is somewhat baffling that Respondent did not understand the need to disclose his prior disbarment, especially because, as he acknowledged, there was no reason to believe that the Clerk's Office would undertake an

independent investigation of his prior criminal history. (Tr. at 48:1-24.) Evaluating Respondent's testimony and declarations, however, the Court concludes that Respondent credibly testified that he sincerely believed he only needed to disclose any disbarment that occurred after he was readmitted to the practice of law. (*Id.* at 11:20-25.) In crediting this testimony, the Court carefully considered Respondent's demeanor and testimony as a whole regarding his contrition for his crime, the steps he took to change his life after his conviction, and the long process he engaged in to be readmitted to the bar. The Court finds that after all the steps Respondent took to be reinstated to the Bar of the State of New York, including testifying at a hearing before a subcommittee of the Committee of Character and Fitness about his crime (*id.* at 31:23-32:16; Collotta Decl. II ¶ 8), he would not intentionally jeopardize his ability to practice law in this Court by knowingly misrepresenting a fact that was already publicly known. The Court further notes that Respondent accepted responsibility for his mistake at every opportunity and candidly acknowledged his oversight in failing to retain counsel and read the EDNY Local Rules when he applied for admission in 2017. (Tr. at 18:10-12; Collotta Decl. I ¶ 9; Collotta Decl. II ¶ 18.)

In sum, after fully considering the testimony of Respondent and the evidence submitted at the evidentiary hearing, the Court concludes that Respondent did not intentionally or knowingly make a false statement when he applied for admission in 2017. In reaching this conclusion, the Court specifically credits the following testimony by Respondent:

> It was a mistake. I freely acknowledge I should have been more vigilant. I should have, of course, consulted with counsel or reviewed the rules. It's not the clerk's fault. I relied on that advice, but that's my fault. That's no one else's fault but my own. But I do think, guided by that, it was a mistake. It's not indicative of my character.

(Id. at 18:10-15.) The Court notes that consistent with this testimony, Respondent's demeanor during the entire hearing appeared remorseful, and he seemed embarrassed by his errors and lack

11

of diligence in seeking readmission. (*Id.* at 17:19-23.) He consistently took accountability for his own actions and did not deflect blame onto others. (*See, e.g.*, Tr. at 50:4-6.) Since becoming aware of the mistake, his testimony has been consistent in each filing before the Court and on the stand. (Mot. for Readmission, ECF Nos. 6, 12; Collotta Decl. I; Collotta Decl. II; Tr.; Post-Hearing Mem., ECF No. 18.). Moreover, the Court credits his testimony that after everything Respondent has been through in getting disbarred, and subsequently attempting to rebuild his practice of law, he would not jeopardize his children and family "by cutting a corner or somehow placing in jeopardy [his] ability to practice…" (Tr. at 18:4-9.) Indeed, having gone through this process of readmission and having learned of his mistakes, the Court expects that if permitted to practice before this Court, Respondent will be extremely diligent in familiarizing himself with the Local Rules of this Court.

In sum, the Court credits Respondent's testimony that he made an honest mistake, as opposed to a knowingly false representation, and respectfully recommends that he not be denied reinstatement based on that mistake.

### IV. **CONCLUSION**

For the foregoing reasons, the Court respectfully recommends granting Respondent's motion and reinstating Respondent to the roll of the members of the bar of this Court pursuant to EDNY Local Rule 1.5(e). A copy of this Report and Recommendation is being served on all parties via ECF. Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). If a party fails to

object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Dated: Brooklyn, New York
October 1, 2025

*Lara K. Eshkenazi*
LARA K. ESHKENAZI
UNITED STATES MAGISTRATE JUDGE