UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------- X
                                                :

*In the Matter of,*
                                               :

**CHRISTOPHER KEITH COLLOTTA**,      :  **ORDER ADOPTING REPORT AND RECOMMENDATION**

                    *Respondent.*                  :  09-MC-417 (AMD) (LKE)
                                               :

----------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       The respondent was first admitted to practice in this Court on June 8, 2004. The Appellate Division, Second Department ordered that the respondent be disbarred effective October 4, 2007, following his sentencing for securities fraud and conspiracy to commit securities fraud convictions on October 4, 2007. *See In re Christopher Collotta*, 54 A.D.3d 98 (2d Dep't 2008). The Southern District of New York ordered that the respondent be stricken from the roll of practicing attorneys in that court on July 22, 2009. (ECF No. 3.) This Court imposed reciprocal discipline on August 13, 2009. (ECF No. 2.) The respondent was later reinstated to practice in the Appellate Division, Second Department on September 28, 2016. *See In re Christopher Collotta*, 142 A.D.3d 1168 (2d Dep't 2016). Following his readmission to the New York State Bar, on January 12, 2017, the respondent filed a "petition for admission" to this Court (ECF No. 12-6), which was granted on February 15, 2017 (ECF No. 12-7). He did not file a petition for "readmission" at that time.

       On April 5, 2024, the Court directed the respondent to file a motion for readmission, which he did on April 19, 2024. (ECF No. 6.) By Order to Show Cause ("OSC") issued on

October 7, 2024, the Court directed the respondent to show cause why his admission to this Court should not be revoked for false statements on the application for admission. (ECF No. 8.) After the respondent filed his response on November 12, 2024 (ECF No. 10), the Court directed him to apply for readmission (*ECF Order dated Dec. 16, 2024*), which respondent did (ECF No. 12).

The EDNY Committee on Grievances then referred the matter to Magistrate Judge Lara Eshkenazi to conduct a hearing and make factual findings about the respondent's sworn and notarized petition for admission: in particular, whether his answer to question 6, in which he represented that he "has never been censured, suspended or disbarred by a court," was made with knowledge of its falsity. (ECF No. 14.)[1] In addition, the Committee appointed John P. McEntee, Esq., as counsel for the Committee for purposes of representing the Committee at the hearing held before Judge Eshkenazi. (ECF No. 13.)[2]

Judge Eshkenazi held an evidentiary hearing on May 5, 2025, at which the respondent was the sole witness. (ECF No. 17.) On October 1, 2025, Judge Eshkenazi issued a Report and Recommendation, recommending that the Committee grant the respondent's motion for reconsideration and reinstate him to the roll of the members of the bar of this Court. (ECF No. 20 at 12.) Mr. McEntee then filed a letter with the Committee stating that he had no objection to the R&R. (ECF No. 21.)

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

---

[1] The members of the EDNY Committee on Grievances are: Ann M. Donnelly, *Chair*, Joan M. Azrack, Brian M. Cogan, Eric R. Komitee, Nina Gershon, Kiyo A. Matsumoto, and James M. Wicks.

[2] The Committee expresses its gratitude to Mr. McEntee for accepting the appointment and for his work on this matter.

2

28 U.S.C.§ 636(b)(l)(C).  To accept a report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014).

Judge Eshkenazi concluded that the respondent was "credible" and that "he did not intend to knowingly misrepresent his prior disbarment to the Court." (ECF No. 20 at 7, 11.) Judge Eshkenazi "carefully considered Respondent's demeanor during his testimony, and the consistency of his statements on direct and cross examination, as well as his statements in his declarations." (*Id.* at 10.) Judge Eshkenazi highlighted the following testimony:

> It was a mistake.  I freely acknowledge I should have been more vigilant.  I should have, of course, consulted with counsel or reviewed the rules.  It's not the clerk's fault.  I relied on that advice, but that's my fault.  That's no one else's fault but my own.  But I do think, guided by that, it was a mistake.  It's not indicative of my character.

(*Id.* at 11 (quoting ECF No. 17, Transcript of Evidentiary Hearing at 18:10-15).)

The Committee has carefully reviewed Judge Eshkenazi's thorough and well-reasoned report and recommendation for clear error and finds none.   Accordingly, the Committee adopts the report and recommendation in its entirety, grants the motions for reconsideration filed at ECF Nos. 6 and 12, and, upon reconsideration, reinstates the respondent to the roll of the members of the bar of this Court.  The Clerk of Court is respectfully directed to reinstate attorney Christopher Keith Collotta to practice and appear in proceedings in this court.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       October 27, 2025